IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Melvin DeWitt, | ) | C/A No. 3:17-1336-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| OHS/Federal Emergency Management Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Melvin DeWitt, a self-represented litigant, filed this action against Defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, 1346(b). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's motion to dismiss. (ECF No. 17.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. (ECF No. 18.) Plaintiff filed a response in opposition to the motion (ECF No. 22), and Defendant filed a reply (ECF No. 23). Having reviewed the record presented and the applicable law, the court finds Defendant's motion to dismiss should be granted.

## BACKGROUND

Plaintiff is the owner and CEO of G&I Security Company, LLC ("G&I"), a South Carolina corporation. (Compl., ECF No. 1 at 1.) G&I was awarded a contract by Defendant Federal

Emergency Management Agency ("FEMA"),[1] to provide security to fifteen disaster recovery centers in South Carolina, effective October 22, 2016. (Id.) Plaintiff claims Defendant rescinded or terminated the contract without notice or a hearing and awarded the contract to a different company. (Id. at 2.) Plaintiff alleges the contract was wrongfully terminated without proper notice, hearing, or an opportunity to be heard. (Id. at 3.) He alleges Defendant's actions violated his right to due process, equal protection, and liberty and he seeks damages. (Id. at 4.) Plaintiff asserts that the court has jurisdiction over this matter pursuant to the FTCA. (Id. at 1.) He also asserts that he exhausted his administrative remedies by filing a claim with Defendant that was denied on December 12, 2016, and by filing an appeal that was denied on February 1, 2017. (Id.)[2]

## DISCUSSION

**A.      Applicable Standard**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

---

[1] The caption of Plaintiff's *pro se* Complaint names "OHS/Federal Emergency Management Agency." The court cannot find any explanation for the acronym "OHS." In Defendant's motion to dismiss, it makes reference to the Department of Homeland Security ("DHS") (ECF No. 17 at 4), the cabinet department in which FEMA resides. Plaintiff has made no objection to Defendant's construction of the caption.

[2] Based on documents Plaintiff attached to the Complaint, it appears that the "claim" filed by Plaintiff was a protest to a contracting officer's final decision to terminate a purchase order, and an appeal of that final decision to a FEMA Protest Ombudsman. (Compl., ECF No. 1-1.)



To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Also, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S.

*PJG*

89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.      **Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) & 12(b)(6)**

Defendant moves to dismiss Plaintiff's Complaint, arguing that the court lacks subject matter jurisdiction over Plaintiff's FTCA claim because Plaintiff failed to exhaust his administrative remedies, and that to the extent Plaintiff raises a claim pursuant to Bivens v. Six Unkown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), such a claim can not lie against a federal agency.

The FTCA provides for a limited waiver of the United States's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, a plaintiff seeking to file a FTCA claim must first exhaust his administrative remedies. Under 28 U.S.C. § 2675,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*PJG*

Moreover, the exhaustion requirement is jurisdictional and may not be waived. See Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990).

To support its argument, Defendant submits the declaration of Kevin Yusman, the Deputy Associate Counsel for the Mission Support Federal Litigation and Claims Office of Chief Counsel of FEMA, DHS. (Yusman Aff. ¶ 1, ECF No. 17-1 at 1.) Yusman declares that FEMA's Office of Chief Counsel is designated by law as the addressee of all administrative tort claims against the agency, and that a search of the agency's records reveals that Plaintiff has not filed an administrative tort claim with the agency pursuant to the FTCA. (Id. ¶ 4-9.) In response to Defendant's motion and Yusman's affidavit, Plaintiff asserts that he filed an administrative tort claim pursuant to the FTCA with the agency on October 25, 2017. (ECF No. 22 at 1.)

The court finds that it lacks subject matter jurisdiction over Plaintiff's FTCA claims because Plaintiff failed to exhaust his administrative remedies prior to filing this matter. This is true even though Plaintiff claims he has now filed an administrative claim with the agency while this action was pending. The law is clear that jurisdiction with this court will not lie for an FTCA claim until the administrative claim has "been finally denied by the agency in writing and sent by certified or registered mail" or, until the agency fails to make a final disposition of the administrative claim within six months after it was filed. 28 U.S.C. § 2675; Plyler, 900 F.2d at 42. Accordingly, the court lacks subject matter jurisdiction over Plaintiff's FTCA claim.

PJG

Also, to the extent Plaintiff seeks to raise a Bivens[3] claim in this action, the court agrees with Defendant that such a claim fails because a Bivens action will not lie against a federal agency. See F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994) (holding that Bivens does not support a cause of action against the agencies of the United States government); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity"); Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Accordingly, any Bivens claim against this Defendant fails to state a claim upon which relief can be granted.[4]

---

[3] In Bivens, the United States Supreme Court established a remedy for plaintiffs alleging constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities. The court notes that Plaintiff does not expressly state that he brings this action pursuant to Bivens, nor does he name an individual as a defendant. But he does allege that Defendant violated his constitutional rights. The court also notes the recent decision by the United States Supreme Court that appears to limit the scope and availability of Bivens actions. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) (noting that the United States Supreme Court has extended Bivens only in limited circumstances, and cautioning that a Bivens remedy will not be available if there are "special factors counselling hesitation in the absence of affirmative action by Congress") (quoting Carlson v. Green, 446 U.S. 14, 18 (1980)).

[4] Further, to the extent Plaintiff seeks to challenge FEMA's award of a procurement contract, the United States Court of Federal Claims has exclusive jurisdiction over such claims pursuant to the Administrative Dispute Resolution Act, 28 U.S.C. § 1491(b)(1). See Validata Chem.Servs. v. U.S. Dep't of Energy, 169 F. Supp. 3d 69 (D.D.C. 2016) (stating the Court of Federal Claims has exclusive jurisdiction over "an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement") (quoting 28 U.S.C. § 1491(b)(1)).

PJG

## RECOMMENDATION

Based on the foregoing, the court recommends Defendant's motion to dismiss be granted.

(ECF No. 17.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 21, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).